UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0096 (PJS/DTS) |
| | Case No. 21-CV-2496 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| SCOTT FRANCIS FORTIER, | |
| Defendant. | |

Defendant Scott Fortier was convicted by a jury of one count of production of child pornography in violation of 18 U.S.C. § 2251(a), (e) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). ECF Nos. 41, 88. The Court sentenced Fortier to concurrent sentences of 300 months on the production charge and 240 months on the possession charge. ECF No. 130 at 2. The United States Court of Appeals for the Eighth Circuit affirmed Fortier's conviction on direct appeal, and the United States Supreme Court denied his petition for a writ of certiorari. ECF Nos. 167, 170.

This matter is before the Court on Fortier's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the Court denies Fortier's motion with respect to all of his claims save for his claim that the Court erred in not applying § 5G1.3 of the United States Sentencing Guidelines and his claim that his attorney was ineffective because he failed to ask the Court to do so. As to those

claims, the Court will appoint counsel and order additional briefing, as described below.

### A. Background

On the evening of September 9, 2016, Fortier invited two minors with whom he was acquainted to his home. During that night and into the early hours of the following morning, he supplied the minors with alcohol and recorded sexually explicit images and videos of them, including videos of himself sexually penetrating them. After one of the minors reported Fortier to law enforcement, subsequent searches of his home uncovered thousands of images and videos of child pornography stored on electronic media.

Fortier was charged with production and possession of child pornography. At trial, Fortier testified—implausibly—that he had accidentally recorded the videos and that he had accidentally downloaded the child pornography, and that he thought that he had deleted the child pornography. The jury convicted him on both counts. As noted, the Court sentenced Fortier to a total of 300 months, which represented a large downward variance from his guidelines range of 600 months. ECF No. 134 ¶ 131; ECF No. 148 at 14.

II. ANALYSIS

*A. U.S.S.G. § 5G1.3*

Fortier first contends that the Court erred in failing to apply § 5G1.3 of the Guidelines, which concerns defendants who, at the time of sentencing, are subject to undischarged and anticipated sentences for other crimes.[1]  Although Fortier does not identify which subsection of § 5G1.3 the Court should have applied, he appears to be referring to subsection (c), which calls for a federal sentence to run concurrently to any "state term of imprisonment [that] is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3."

At the time that Fortier was sentenced on his federal charges, he was facing a number of pending state charges, including charges that, according to the Presentence Investigation Report ("PSR"), appeared to relate to the federal charges.  ECF No. 134 ¶¶ 95–96.  Fortier alleges that after his federal sentence was imposed, he "was sentenced to 72 months (48 to be served in state prison) by the state judge, to run concurrent to the already existing Federal sentence . . . ."  ECF No. 176 at 4.  (The Court

---

[1] The Court notes that Fortier could have raised this issue on direct appeal and therefore it is likely procedurally barred.  *See Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) ("because Jennings did not raise this issue on direct appeal, he has procedurally defaulted the claim").  Procedural default is an affirmative defense, however, and thus the Court will not dismiss this claim at this time.  *See Fiorito v. United States*, 821 F.3d 999, 1003 n.2 (8th Cir. 2016).

is not entirely sure what this means.) Fortier contends that the Court erred in failing to apply § 5G1.3 of the Sentencing Guidelines to account for this anticipated state prison term. He also contends that his attorney was ineffective in failing to ask the Court to apply § 5G1.3.

If the acts underlying the pending state charges to which Fortier refers qualify as "relevant conduct" under the Guidelines, then it is possible that, had Fortier's attorney raised this issue, the Court would have ordered Fortier's federal sentence to run concurrently to his anticipated state sentence. The record concerning this issue is murky, however. In particular, it is not clear how long Fortier spent in state custody or for what reason. Nor is it clear what charges were pending against him in state court at the time of his federal sentencing. The Court would benefit from development of a record and further briefing. Because this issue is complex, the Court will also appoint counsel for Fortier to assist him on his claims concerning § 5G1.3. Finally, because Fortier alleges that he received ineffective assistance of counsel on this issue, he has waived the attorney-client privilege. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). The Court will therefore order Fortier's sentencing counsel to file an affidavit addressing Fortier's allegations concerning counsel's failure to raise § 5G1.3.

*B. Actual Innocence*

Fortier next contends that he is actually innocent of violating 18 U.S.C. § 2251(a). Specifically, he contends that while he acted "with" the purpose of producing a visual depiction of a minor engaged sexually explicit conduct, he did not act "for" that purpose. *See* § 2251(a) ("Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" and meets the interstate-commerce element is guilty of a felony.). He also points to the Court's final jury instructions, which similarly used the phrase "with the purpose" rather than "for the purpose." ECF No. 85 at 7.

This claim is without merit. As the Eighth Circuit has already found, there was sufficient evidence to support the jury's conclusion that Fortier acted with the required mens rea. *United States v. Fortier*, 956 F.3d 563, 568 (8th Cir. 2020). Indeed, as the Court noted at sentencing, Fortier's alternative, innocent explanation for his conduct—that he was only using his phone as a flashlight, and did not intend to record any videos—was preposterous. ECF No. 148 at 11.

Fortier had worked at Verizon and was very knowledgeable about the functionality of his phone. ECF No. 93 at 238. He recorded *multiple* explicit videos of the minors, took steps to save those videos by transferring them to other media, and concealed the existence of the videos by placing them in hidden folders and fake

applications. ECF No. 107 at 108–11; ECF No. 93 at 23–27, 35–41. During the recordings, he can be heard giving precise directions to his victims, seemingly to get better camera angles. ECF No. 94 at 18–19. The videos themselves—and in particular the manner in which the camera was aimed and focused—show that they were deliberately recorded; they also closely resemble other sexually explicit videos in Fortier's possession, many of which were recorded by Fortier. In addition, Fortier maintained a large collection of child pornography and had previously used surveillance cameras in his home to surreptitiously record explicit videos of his former girlfriend. ECF No. 93 at 34, 49–52, 57–60, 167–68. And his former girlfriend testified that Fortier told her that he recorded explicit videos because he enjoyed watching them. ECF No. 93 at 167. The evidence that Fortier deliberately—not accidentally—recorded the videos was overwhelming.

To the extent that Fortier takes issue with the jury instructions, there is no meaningful difference between acting "with the purpose" and acting "for the purpose." Producing a visual depiction need not be the defendant's *only* purpose, *United States v. Raplinger*, 555 F.3d 687, 693 (8th Cir. 2009), and the Court properly instructed the jury that producing a visual depiction must be a "dominant" purpose, ECF No. 85 at 7. As the jury was properly instructed and as there was overwhelming evidence to support the guilty verdict, Fortier's claim of actual innocence is meritless.

C. *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, a defendant must establish (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689.

1. Failure to Argue U.S.S.G. § 5G1.3

Fortier first alleges that his counsel was ineffective because he failed to ask the Court to apply § 5G1.3. As discussed above, the Court will order further briefing and development of a record on this claim.

2. Failure to Request "Hard Time" Credit

Fortier next argues that his counsel was ineffective for failing to request "hard time" credit and for telling Fortier that no such credit exists.

Fortier's counsel was technically correct; there is no departure or other formal type of credit for "hard time." That said, defense attorneys sometimes ask judges to vary downward on the basis that their clients' pretrial custody was particularly long or onerous. Such requests have become common in the last two years, given the delays

caused by the pandemic, and given the harsh measures that detention facilities have taken to slow the spread of COVID-19.  Nevertheless, Fortier has failed to show either that his counsel was ineffective for failing to request such a variance or that Fortier suffered prejudice from this failure.

Fortier contends that he likely would have received a variance on the basis of the length and conditions of his pretrial custody.  Fortier does not describe those conditions, however.  His pretrial confinement was not unusually long (given that he opted to go to trial) nor unusually onerous (he was sentenced long before the onset of the pandemic).  Nothing in the record suggests that his counsel was ineffective in failing to ask the Court to give Fortier credit for doing "hard time."

Setting that aside, Fortier cannot show prejudice.  Prior to the pandemic, the undersigned rarely varied downward based on the length or conditions of pretrial custody.  As noted, the Court gave Fortier a 300-month downward variance; the Court would not have granted Fortier an even larger variance if his attorney had pointed out the length and conditions of Fortier's pretrial confinement.  Moreover, the Court was well aware of the circumstances of Fortier's pretrial detention, as those circumstances were recounted in the PSR, ECF No. 105 at 1, and as Fortier himself requested hard-time credit during his allocution when he asked the Court to take into account the fact that he had spent 22 months in a county jail.  ECF No. 148 at 19.

Because Fortier's counsel was not ineffective and Fortier suffered no prejudice, the Court rejects this claim.

### 3. Failure to Seek a Psychological Opinion

Fortier next argues that his counsel was ineffective for failing to seek a psychological opinion before sentencing. Fortier alleges that he has since been evaluated and that he possesses reports that, had they been read by the Court, would likely have resulted in a shorter sentence. Fortier has neither provided these reports to the Court nor described their contents. As a result, Fortier has failed to raise a viable claim that his counsel's failure to obtain a psychological report was ineffective or prejudicial, and this claim therefore fails. *Cf. Saunders v. United States*, 236 F.3d 950, 952–53 (8th Cir. 2001) (defendant could not show that he was entitled to relief on the basis that his attorney failed to call defense witnesses where defendant failed to allege the identity of the witnesses or the substance of their testimony); *Lewis v. United States*, 585 F.2d 915, 917 (8th Cir. 1978) (a § 2255 motion must allege facts that, if true, would entitle the defendant to relief).

### 4. Failure to Impeach Government Witnesses

Fortier next claims that his counsel was ineffective because he failed to impeach the government's witnesses and show that they gave false testimony. Fortier does not identify a single government witness who was supposedly untruthful or a single lie that

a government witness supposedly uttered. Nor does Fortier identify any basis for impeaching any witness that his attorney failed to raise. (The only witness who commited obvious perjury at trial was Fortier himself.) Such conclusory allegations are insufficient to warrant relief. *See Saunders*, 236 F.3d at 952–53.

### 5. Failure to Explain § 2551(a)

Fortier next alleges that his counsel was ineffective because he failed to adequately explain the defense's interpretation of 18 U.S.C. § 2251(a). Fortier does not describe this interpretation, but presumably he is alluding to his disagreement with the Court's jury instructions. As discussed above, those instructions accurately stated the law, and Fortier therefore cannot show that his counsel was ineffective or that he was prejudiced.

### 6. Closing Argument

Finally, Fortier contends that his counsel's performance during closing argument was ineffective. In particular, Fortier takes issue with his counsel's strategy of casting blame on Fortier's victims. But the closing argument of Fortier's attorney was consistent with Fortier's overall defense strategy—bolstered by Fortier's own testimony—which portrayed Fortier's conduct as accidental and unintentional rather than premeditated and predatory. The wisdom of this strategy is certainly open to debate, but this strategy was within "the wide range of professionally competent

assistance that is sufficient to satisfy the Sixth Amendment." *Haney v. United States*, 962 F.3d 370, 373 (8th Cir. 2020) (citation and quotation marks omitted); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) ("The relevant question is not whether counsel's choices were strategic, but whether they were reasonable.").

Moreover, Fortier did not give his counsel a lot of options. As discussed above, the evidence against Fortier was overwhelming, and yet Fortier refused to acknowledge any culpability, instead giving preposterous testimony that he "accidentally" recorded himself having sex with minors. There is no reasonable possibility that, but for counsel's comments during closing argument, Fortier would have been acquitted. Fortier therefore cannot show prejudice.

For these reasons, the Court denies Fortier's § 2255 motion with the exception of his claim that the Court erred in failing to apply § 5G1.3 of the Guidelines (which, as noted, is likely procedurally defaulted) and his claim that his counsel was ineffective in failing to ask the Court to apply § 5G1.3. As to those claims, the Court appoints counsel and directs further submissions as detailed below.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 176] is DENIED, save for his claims that (1) the Court erred in not applying U.S.S.G. § 5G1.3 and (2) defendant's counsel was ineffective in not asking the Court to apply § 5G1.3.

2. Based on the financial information in defendant's PSR, the Court finds that he is financially eligible for appointed counsel. The Court further finds that it is in the interests of justice that counsel be appointed to assist defendant in connection with his remaining claims. Accordingly, the Court appoints the Office of the Federal Defender pursuant to 18 U.S.C. § 3006A(a)(2)(B) to represent defendant in connection with the remaining claims in his § 2255 motion. The Office of the Federal Defender may assign either a lawyer from the office or a panel attorney to assist defendant.

3. No later than Friday, February 25, 2022, attorney Scott Strouts must file an affidavit addressing defendant's allegation that Strouts was ineffective in failing to ask the Court to apply U.S.S.G. § 5G1.3. Strouts must also file copies of any correspondence, notes, or other contemporaneous documents that are relevant to this issue.

4. No later than Friday, March 25, 2022, the government must file a response to defendant's claims concerning the application of U.S.S.G. § 5G1.3.  The government's brief should specifically identify the state charges that were pending against the defendant at the time of his federal sentencing; the amount of time that defendant spent in state custody prior to the federal sentencing; the sentences that defendant eventually received for each of the state charges that were pending against him at the time of his federal sentencing; the amount of time that defendant spent in state custody after his federal sentencing and before he began to serve his federal sentence; and the amount of these periods, if any, that will be credited to defendant's federal sentence by the Bureau of Prisons.

5. Defendant may file a reply no later than Friday, April 22, 2022.

6. The government is ORDERED to serve a copy of this order on attorney Scott Strouts.

Dated:  January 12, 2022              s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge