UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0096 (PJS/DTS) |
| | Case No. 21-CV-2496 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| SCOTT FRANCIS FORTIER, | |
| Defendant. | |

Lindsey E. Middlecamp, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Aaron J. Morrison, WOLD MORRISON LAW, for defendant.[1]

Defendant Scott Fortier was convicted by a jury of one count of production of child pornography in violation of 18 U.S.C. § 2251(a), (e) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). ECF Nos. 41, 88. The Court sentenced Fortier to concurrent sentences of 300 months on the production charge and 240 months on the possession charge. ECF No. 130 at 2. The United States Court of Appeals for the Eighth Circuit affirmed Fortier's conviction on direct appeal, and the United States Supreme Court denied his petition for a writ of certiorari. ECF Nos. 167, 170.

---

[1]Morrison did not represent Fortier at trial and is not responsible for the ineffective assistance of counsel described in this order.

This matter is before the Court on Fortier's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On January 12, 2022, the Court entered an order denying Fortier's motion with respect to all of his claims save for (1) his claim that his attorney was ineffective because he failed to ask the Court to apply § 5G1.3 of the United States Sentencing Guidelines; and (2) his claim that the Court erred in not applying that provision despite not having been asked to do so. ECF No. 177. As to those claims, the Court appointed an attorney to represent Fortier and received additional briefing. After submitting briefs, the parties agreed that no additional record, discovery, or evidentiary hearing is necessary. ECF No. 188. In the meantime, Fortier filed a pro se amended motion adding further details to some of the claims that the Court had already denied as well as a new claim challenging the amount of the monetary assessment that the Court imposed under the Justice for Victims of Trafficking Act ("JVTA"), 18 U.S.C. § 3014(a). ECF No. 186.

For the reasons explained below, the Court holds that Fortier received ineffective assistance of counsel when his attorney failed to argue, pursuant to § 5G1.3(c), that the Court should impose his federal sentence to run concurrently with his anticipated state sentence. As a remedy, the Court orders that the judgment be amended to state that his federal sentence is deemed to run concurrently to the state sentence that he later received. In light of this holding, Fortier's claim that the Court erred in failing to apply

§ 5G1.3(c) on its own motion is moot.[2]  Finally, the Court denies Fortier's remaining amended (and new) claims on the merits.

## I. BACKGROUND

On the evening of September 9, 2016, Fortier invited two minors with whom he was acquainted to his home.  During that night and into the early hours of the following morning, he supplied the minors with alcohol and recorded sexually explicit images and videos of them, including videos of himself sexually penetrating them.  After one of the minors reported Fortier to law enforcement, subsequent searches of his home uncovered thousands of images and videos of child pornography stored on electronic media.

Fortier was charged with production and possession of child pornography.  At trial, Fortier testified—utterly implausibly—that he had accidentally recorded the videos, that he had accidentally downloaded the child pornography, and that he thought that he had deleted the child pornography.  The jury convicted him on both counts.  As noted, the Court sentenced Fortier to a total of 300 months, which was far

---

[2]It appears that such a claim is not cognizable under § 2255. *See United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000) (prisoner's claim that the court erred in failing to give him credit under § 5G1.3(b) for time served in state custody not cognizable under § 2255, but could be asserted as a claim that his attorney was ineffective in failing to raise the issue).

below the 600-month sentence recommended by the Guidelines. ECF No. 134 ¶ 131; ECF No. 148 at 14.

## II. ANALYSIS

### A. U.S.S.G. § 5G1.3 and Ineffective Assistance of Counsel

At the time that Fortier was sentenced on his federal charges, he was facing a number of state charges, including charges that appeared to relate to the federal charges. ECF No. 105 at ¶¶ 95–96; ECF No. 134 ¶¶ 95–96. Fortier contends that his counsel was ineffective in failing to argue that, pursuant to § 5G1.3(c) of the Guidelines, his federal sentences should run concurrently with his anticipated state terms of imprisonment.

#### 1. Standard of Review

To prevail on a claim of ineffective assistance of counsel, a defendant must establish (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. An attorney's failure to raise a particular legal argument is outside the range of reasonable professional assistance only

if there is "controlling legal authority that directly supported [the argument], or . . . controlling authority that 'clearly portend[s]' that such an argument would have been successful." *New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011) (quoting *Fields v. United States*, 201 F.3d 1025, 1028 (8th Cir. 2000)); *see also Deck v. Jennings*, 978 F.3d 578, 583 (8th Cir. 2020) ("As we have explained, failing to make an argument that would require the resolution of unsettled legal questions is generally not outside the wide range of professionally competent assistance." (citations and quotation marks omitted)), *cert. denied sub nom. Deck v. Blair*, 142 S. Ct. 186 (2021).

2.  Ineffective Assistance

Section 5G1.3(c) provides as follows:

> If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

For this provision to apply, then, three criteria must be met: (1) subsection (a) must not apply; (2) there must be a state term of imprisonment that is "anticipated"; and (3) the anticipated state term of imprisonment must result from an offense that is "relevant conduct" to the federal offense.

There is no dispute that subsection (a) does not apply in this case. Likewise, there is no dispute that the conduct underlying the relevant state charges pending at the time of Fortier's federal sentencing constituted "relevant conduct" to his federal charges. ECF No. 180 at 8; *see* ECF No. 105 at ¶¶ 95–96; ECF No. 134 ¶¶ 95–96. That leaves the requirement that a state term of imprisonment must have been "anticipated."

Although the government does not really seem to dispute that a state term of imprisonment was "anticipated," the government points out that, at the time of the federal sentencing hearing, Fortier had not yet been *convicted* of any of the pending state charges.[3] The only potential issue, therefore, is whether it was sufficiently clear, at the time of Fortier's sentencing, that a state term of imprisonment was "anticipated" within the meaning of § 5G1.3(c) such that the failure to seek application of the provision constituted ineffective assistance of counsel.

Section 5G1.3(c) was added to the Guidelines in 2014 following the Supreme Court's decision in *Setser v. United States*, 566 U.S. 231 (2012). U.S.S.G., App. C Supp.,

---

[3]The government also points out that the county prosecutor discussed the possibility of dismissing the related state charges depending on the outcome of the federal case. *See* Strouts Aff. ¶¶ 10, 29. As discussed below, there is a well-established line of controlling authority indicating that § 5G1.3(c) was applicable to Fortier's situation. The Court does not believe that the possibility that one or more of the state charges could have been dismissed takes this case outside that line of authority. The possibility that one or more charges may be dismissed is almost always present when both the federal government and a state government have charged a defendant with related offenses.

Amend. 787 (Nov. 1, 2014); *United States v. Olmeda*, 894 F.3d 89, 92 (2d Cir. 2018) (per curiam) ("In the wake of *Setser*, the United States Sentencing Commission amended U.S.S.G. § 5G1.3 by adding subsection (c) . . . ."). *Setser* held that a district court, when imposing a prison sentence, has authority to impose the sentence to run either concurrently with or consecutively to an anticipated state sentence that has not yet been imposed. *Setser*, 566 U.S. at 236–37. *Setser* explained that this power is grounded in district courts' traditional authority over matters of criminal sentencing. *Id.* at 235–36. Prior to *Setser*, some courts had concluded that 18 U.S.C. § 3584 deprived district courts of the authority to resolve the concurrent-versus-consecutive issue when the state sentence had not yet been imposed. *See Olmeda*, 894 F.3d at 92. *Setser* clarified that § 3584 did not affect district courts' traditional discretion in this area. *Setser*, 566 U.S. at 236–41.

Long before *Setser*, the Eighth Circuit had held that, notwithstanding § 3584, federal district courts have the authority to impose a sentence to run either concurrently with or consecutively to an anticipated state sentence. *See United States v. Mayotte*, 249 F.3d 797, 798–99 (8th Cir. 2001) (per curiam). *Setser* thus did not represent a change in Eighth Circuit law. *See Elwell v. Fisher*, 716 F.3d 477, 483 (8th Cir. 2013) ("in *Setser v. United States*, the U.S. Supreme Court resolved the circuit split, agreeing with the position adopted in our circuit and holding that federal district courts possess the

authority to order federal sentences to run concurrent with or consecutive to yet-to-be-imposed state sentences"). And as *Mayotte* makes clear, district courts may exercise this authority even when the defendant has not yet been convicted of the state offense. *Mayotte*, 249 F.3d at 798–99.

Following *Setser*, § 5G1.3(c) was adopted to ensure that defendants whose state and federal sentences arise out of the same course of conduct are treated similarly regardless of the order in which the sentences are imposed. *See* U.S.S.G., App. C Supp., Amend. 787 (Nov. 1, 2014) ("By requiring courts to impose a concurrent sentence in these cases, the amendment reduces disparities between defendants whose state sentences have already been imposed and those whose state sentences have not yet been imposed.").

In calling for district courts to run prison terms concurrently with "anticipated" state prison terms that arise out of relevant conduct, § 5G1.3(c) adopted *Setser*'s terminology, which discusses "anticipated" state prison terms throughout the opinion. *See Olmeda*, 894 F.3d at 93 ("Although Section 5G1.3(c) does not define the word 'anticipated,' we understand this term to bear the same meaning it had in *Setser*, the genesis for the amendment."). Nothing in *Setser* indicates that "anticipated" bears any specialized meaning or that it requires that a state sentence be certain to result. Indeed, both the Supreme Court's opinion in *Setser* and the underlying opinion of the court of

appeals seem to indicate that, at the time of his federal sentencing, the defendant had not yet been convicted on the related state charge nor adjudicated to be in violation of his terms of probation. *Setser*, 566 U.S. at 233 (reciting background facts); *United States v. Setser*, 607 F.3d 128, 129–30 (5th Cir. 2010) ("Subsequent to the district court's imposition of the federal sentence, Setser's probation in his 2006 state case was revoked . . . . Additionally, Setser was convicted of possession with intent to deliver a controlled substance in the 2007 state charge . . . ."). Certainly, neither court gave any indication that the district court's authority to decide whether its sentence would run concurrently with or consecutively to the anticipated state sentence turned on the particular procedural stage that the state prosecution had reached at the time that the federal sentence was imposed.

In summary, then, at the time of Fortier's November 2018 sentencing, the Eighth Circuit had long been clear that district courts have the authority to impose a sentence to run either concurrently with or consecutively to an anticipated state sentence, even when the defendant has not yet been convicted of the state charges. *Setser* confirmed that district courts traditionally have such authority (or, at the very least, *Setser* did nothing to disturb Eighth Circuit law on the subject), and the Eighth Circuit plainly regards *Setser* as "agreeing with the position adopted in our circuit." *Elwell*, 716 F.3d at 483.

In the wake of *Setser*, § 5G1.3(c) was adopted to guide district courts' exercise of this traditional authority. Section 5G1.3(c) is not the source of district courts' authority to determine whether a federal sentence will run concurrently with or consecutively to an anticipated state sentence; that authority has long existed under the common law. Nor did *Setser* define "anticipated" in any specialized way or otherwise purport to limit this authority (other than to recommend that it be exercised in a particular way). Section 5G1.3(c) must therefore be understood to operate against the existing understanding of the scope of that authority, which, in the Eighth Circuit, clearly includes cases in which the defendant has not yet been convicted of the related state charges.

Even if it cannot be said that "controlling legal authority . . . directly supported" the argument that § 5G1.3(c) applied to Fortier, there was undoubtedly "controlling authority that clearly portend[ed] that such an argument would have been successful." *New*, 652 F.3d at 953 (citation and quotation marks omitted). The Court accordingly concludes that Fortier's counsel was ineffective for failing to argue that, pursuant to § 5G1.3(c), the Court should have ordered Fortier's federal sentence to run concurrently with the sentences of imprisonment that were anticipated to result from his then-pending related state charges.

3. Prejudice

As noted, to be entitled to relief for a claim of ineffective assistance of counsel, a movant must show prejudice—that is, a reasonable probability that the result of the proceeding would have been different had his counsel not erred. Without question, Fortier was prejudiced by his counsel's mistake. This Court has no doubt that, had Fortier asked it to apply § 5G1.3(c), it would have done so. And although the record contains differing opinions concerning how much credit Fortier would have received if his federal sentence had been ordered to run concurrently with his anticipated state sentence, the parties agree that Fortier would spend less time in custody.

4. Remedy

Having established that he received ineffective assistance of counsel and that he suffered prejudice as a result, Fortier is entitled to a remedy. District courts have "broad discretion as to what remedy to provide in a § 2255 proceeding." *United States v. Raymond*, 466 F. Supp. 3d 1008, 1015 (D. Minn. 2020) (citing *Wright v. United States*, 902 F.3d 868, 872–73 (8th Cir. 2018)). Fortier does not seek a plenary resentencing, and the Court does not believe such a proceeding is warranted. Instead, Fortier requests that the Court simply apply § 5G1.3(c) and impose his federal sentence to run concurrently with his state sentence. ECF No. 183 at 8. The government appears to concede that this is an appropriate remedy. ECF No. 180 at 10–11.

Of course, the Guidelines are advisory, and therefore they did not obligate the Court to impose a concurrent sentence. To the best of the Court's memory, however, it has always followed § 5G1.3(c) when that provision applies, and the Court sees no reason not to do so here. The Court will therefore vacate the judgment and enter an amended judgment ordering that Fortier's federal sentence be deemed to run concurrently with his now-completed state sentence.

### B. New and Amended Claims

As noted, Fortier filed an amended § 2255 motion to flesh out claims that the Court had already rejected and to add a new claim concerning the monetary assessment imposed under the JVTA. The Court considers each claim in turn.

#### 1. Actual Innocence

Fortier contends that he is actually innocent of violating 18 U.S.C. § 2251(a). Specifically, he contends that while he acted "with" the purpose of producing a visual depiction of a minor engaged sexually explicit conduct, he did not act "for" that purpose. *See* § 2251(a) ("Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" and meets the interstate-commerce element is guilty of a felony.). The Court has already rejected this argument, *see* ECF No. 177 at 5–6, and Fortier's further exposition of his theory that there is a meaningful

difference between acting "with" a purpose and acting "for" a purpose does not persuade the Court that his claim has any merit.  Likewise, as the Court has already explained, the Court correctly instructed the jury that the government must prove that one of Fortier's dominant purposes was to produce a visual depiction of a minor engaging in sexually explicit conduct, and there was overwhelming evidence from which the jury could have concluded that this requirement was met.

### 2.  Failure to Seek a Psychological Opinion

Fortier argues that his counsel was ineffective for failing to seek a psychological opinion before sentencing.  Fortier alleges that he has since been evaluated and that he possesses reports that, had they been read by the Court, would likely have resulted in a shorter sentence.  The Court rejected this claim because Fortier neither provided the reports nor described their contents.  ECF No. 177 at 9.

Fortier has now submitted treatment documents from his time in state prison along with an "End of Confinement Review" from the Minnesota Department of Corrections.  ECF Nos. 187-4 through 187-7.  These materials all post-date Fortier's federal sentencing, however, and Fortier does not point to any information in them that would have been available at the time of sentencing and relevant to that sentencing.

Fortier highlights his end-of-confinement risk assessment, which assigned him the lowest risk level for reoffending.  ECF No. 187-7.  (A similar risk assessment at the

beginning of his incarceration made a similar finding.  ECF No. 187-4 at 14.)  The purpose of this assessment is to determine the offender's risk of reoffending within four years of release.  ECF No. 187-4 at 14.  As such, it appears to be a penological tool, and it is not at all clear that the psychological evaluation that Fortier contends should have been prepared in advance of sentencing would have made any such finding.

Setting that aside, such information would not have convinced the Court to impose a sentence of less than 300 months—which, as noted, reflected an enormous downward variance from the Guidelines recommendation of 600 months.  To begin with, Fortier's score on the assessment, relative to other sex offenders, was middling—he was found to be more likely to reoffend than 40% of other sex offenders.  ECF No. 187-4 at 14.  In addition, the materials Fortier submitted do not provide a satisfactory explanation for the score, giving the score little persuasive value as against the Court's ample opportunity to hear from the victims of Fortier's crimes and observe Fortier during his extensive testimony.  As the Court noted at sentencing, Fortier is a longtime predator who groomed teenage girls, plied them with alcohol, preyed upon them (including by raping one of the victims while she was unconscious), perjured himself at trial (shamelessly and extensively), and did not appear to regret anything except being caught.  ECF No. 148 at 44–45.  Fortier's (at least initial) lack of regret and failure to accept responsibility is confirmed in his own self-assessment and in

evaluations during his time in prison. ECF No. 187-6 at 9; ECF No. 187-4 at 10, 15–16; ECF No. 187-5 at 2, 4, 7. Given the huge downward variance that the Court already granted, the seriousness of Fortier's offenses, and his failure to accept any responsibility for his predatory behavior, a psychological evaluation with a conclusory finding that Fortier presented a relatively low risk of reoffending would not have persuaded the Court to vary downward any further. The Court therefore rejects this claim.

3. Failure to Impeach Government Witnesses

Fortier next contends that his counsel was ineffective for failing to impeach the government's witnesses and show that they gave false testimony. Fortier did not provide any specifics, and the Court therefore initially dismissed this claim as conclusory. ECF No. 177 at 9–10. Fortier now identifies three topics on which (he believes) the government's witnesses should have been impeached.

First, Fortier argues that the Court erred in disallowing questioning of one of the victims concerning her earlier statements about Fortier's level of intoxication. As Fortier lays the blame for this error on the Court, however, his argument has nothing to do with whether Fortier's counsel was ineffective. Setting that aside, the factual premise of Fortier's claim is incorrect. Fortier's counsel was allowed to question the victim about her earlier statement to law enforcement that both she and Fortier were too intoxicated to drive. ECF No. 93 at 125.

Second, Fortier contends that FBI Task Force Officer Dale Hanson testified incorrectly concerning how FrostWire searches and search results are delivered. Fortier does not identify the allegedly erroneous testimony nor explain how impeaching that testimony would have been material to his defense. His conclusory argument is therefore insufficient to show either that his counsel was ineffective or that he suffered prejudice. *See Saunders v. United States*, 236 F.3d 950, 952–53 (8th Cir. 2001).

Finally, Fortier contends that Hanson incorrectly testified that there was no adult pornography found on any of Fortier's devices. On cross-examination, however, Fortier's attorney established that Hanson had found adult pornography on Fortier's laptop. ECF No. 93 at 65. Fortier's claims of ineffective assistance are therefore without merit.

### 4. JVTA Assessment

Finally, Fortier brings a new claim concerning the JVTA assessment. Under the JVTA, "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children)." 18 U.S.C. § 3014(a). Both of Fortier's convictions are offenses under Chapter 110, and the Court accordingly imposed a $5,000 assessment for each conviction. ECF No. 130 at 1, 6. Relying on *United States v. Haverkamp*, 958 F.3d 145 (2d Cir. 2020), Fortier argues that the assessment applies on a per-offender rather than a

per-offense basis and that it was plain error for the Court to impose a $5,000 assessment for each count of conviction.[4]

This claim is likely both untimely and procedurally barred, as Fortier does not appear to have raised it on direct appeal, and it does not relate back to any of the claims in his original § 2255 motion. *See* Fed. R. Civ. P. 15(c). Setting aside these procedural problems, this claim is not cognizable under § 2255, as § 2255 "affords relief only to prisoners claiming a right to be released from custody." *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (holding that a federal prisoner cannot challenge the restitution portion of his sentence under § 2255); *United States v. Chacon-Vega*, 262 F. App'x 730, 731 (8th Cir. 2008) (per curiam) ("a challenge to the imposition of a fine is not cognizable in a 28 U.S.C. § 2255 proceeding"); *United States v. Perdichizzi*, No. 16-CR-153, 2019 WL 3302595, at *1–2 (E.D. Cal. July 23, 2019) (recommending denial of a § 2255 motion challenging a JVTA assessment), *report and recommendation adopted*, 2019 WL 4640786 (E.D. Cal. Sept. 24, 2019).

---

[4]The Third and the Ninth Circuits have held that the JVTA requires a $5,000 assessment for each qualifying conviction. *See United States v. Johnman*, 948 F.3d 612, 621 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1047 (2021); *United States v. Randall*, 34 F.4th 867, 877 (9th Cir. 2022). The Eighth Circuit does not appear to have addressed the issue.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's amended motion to vacate, set aside, or correct his sentence [ECF No. 186] is GRANTED IN PART and DENIED IN PART.

2. Defendant's motion is GRANTED with respect to his claim that his counsel was ineffective by failing to argue, pursuant to U.S.S.G. § 5G1.3(c), that defendant's federal sentence should be imposed concurrently with his anticipated state sentences.

3. The judgment [ECF No. 130] is vacated and the Court directs that a new judgment be entered with the following language:  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 300 months as to count 1s and 240 months as to count 2s, said terms to run concurrently with each other and deemed to run concurrently with the sentence imposed in Anoka County Case No. 02-CR-16-8338.

4.   The remainder of defendant's claims are DENIED, and no certificate of appealability shall issue as to them.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 27, 2022

Patrick J. Schiltz, Chief Judge
United States District Court